UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHERIE SANCHEZ, ET AL.

VERSUS

SHINTECH LOUISIANA, LLC, ET AL.

CIVIL ACTION

NUMBER 12-370-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 19, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHERIE SANCHEZ, ET AL.

VERSUS

SHINTECH LOUISIANA, LLC, ET AL.

CIVIL ACTION

NUMBER 12-370-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Cherie Sanchez. Record document number 16. The motion is opposed.[1]

For the reasons which follow, the plaintiff's Motion to Remand should be denied.

**Background**

Plaintiff filed a Petition for Damages in state court to recover damages resulting from the death of her husband, Tory Sanchez, who died while working at a facility operated by Shintech Louisiana, LLC, in Plaquemine, Louisiana. At the time of the incident, Mr. Sanchez was employed by Performance Contractors, which had contracted with Shintech for a construction project at the Shintech facility. Plaintiff alleged that Performance Contractors' work consisted of a construction phase which later converted to an operations-assist phase shortly before May 22, 2011.

---

[1] Record document number 22. Plaintiff filed a reply brief. Record document number 29.

Plaintiff alleged that Mr. Sanchez performed work in MRE-Vessel 201 on May 21, 2011 without injury. Plaintiff alleged that Vessel 201 was filled with nitrogen gas after Mr. Sanchez left the vessel, either during the night of May 21, 2011 or the morning of May 22, 2011. Plaintiff alleged that on May 22 Shintech issued an entry permit for Vessel 201 which failed to indicate any changes to the atmospheric conditions inside the vessel. After the permit was issued, Mr. Sanchez entered Vessel 201 via a ladder that was allegedly left by a scaffolding company working for Shintech. Mr. Sanchez was asphyxiated due to the lack of oxygen in the vessel. A Shintech employee, Tommy Rivet, entered the vessel to try to rescue Mr. Sanchez, but he also died from lack of oxygen.

Plaintiff named as defendants Shintech, Performance Contractors, the succession of Tommy Rivet (hereafter, "Rivet"), Atlantic Scaffolding Company, L.L.C., Daybreak Insulation Co., Inc., Empire Scaffold, L.L.C., Scaffolding Rental and Erection Services, L.L.C. (Hereafter, "Scaffolding Rental"), United Access A/K/A United Access NV, LLC, John Doe One, John Doe Two, and John Doe Three.

Defendant Shintech removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the Louisiana citizenship of defendants Performance

Contractors, Rivet, Scaffolding Rental, and Daybreak Insulation[2] should be ignored because they were improperly joined.[3] Defendant

---

[2] The Petition for Damages alleged that Daybreak Insulation is a "foreign" corporation doing business in Louisiana. Shintech's Notice of Removal repeated this allegation, and treated Daybreak Insulation as though it is a non-diverse, i.e. Louisiana, citizen along with Performance Contractors, Scaffolding Rental, and Rivet. In her Memorandum in Support of Motion to Remand, the plaintiff included Daybreak Insulation in her argument regarding the sufficiency of the negligence claim against Scaffolding Rental. Record document number 16-1, pp. 16-17.  However, defendant asserted in its opposition memorandum that Scaffolding Rental is the only non-diverse defendant among the scaffolding company defendants, and submitted an affidavit which also establishes that Daybreak Insulation is a diverse defendant. Record document number 22, Opposition of Shintech Louisiana, LLC to Plaintiff's Motion to Remand, p. 20; record document number 22-6, affidavit of Daniel Anderson.  Therefore, this Magistrate Judge's Report does not address the sufficiency of the plaintiff's negligence claim against Daybreak Insulation.

[3] Defendant alleged diversity of citizenship as follows:
- plaintiff is a citizen of Louisiana;
- defendant Shintech is a limited liability company organized in the State of Delaware whose sole member is CK Tech, Inc., a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of Texas;
- defendant Atlantic Scaffolding Company, LLC, is a limited liability company organized in the State of Delaware whose sole member is Atlantic Industrial, LLC, which is a limited liability company organized in the State of Delaware whose sole member is Atlantic Holdings, II, Inc., a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of Texas;
- defendant Empire Scaffold, L.L.C., is a limited liability company organized under the laws of the State of Louisiana whose sole member is Sunbelt Rentals, Inc., a corporation organized under the laws of the State of North Carolina and having its principal place of business in the State of South Carolina;
- defendant United Access NV, LLC (erroneously named as "United Access A/K/A United Access NV, LLC" in the
(continued...)

asserted that the plaintiff failed to state a claim against defendant Performance Contractors because she is precluded from tort recovery under Louisiana Worker's Compensation Act ("LWCA"), LSA-R.S. 23:1032, and she did not allege a viable intentional tort claim against it.

Defendant argued that the plaintiff's claim against Rivet also fails as a matter of law under the LWCA because Shintech was the statutory employer of Mr. Sanchez.  Defendant argued that because statutory employers have tort immunity under LWCA, and the plaintiff cannot establish an intentional tort claim against Rivet, she failed to state a claim against Rivet.  In the alternative, the defendant argued that the plaintiff's claim against Rivet is not valid under Louisiana law because he did not breach any personal duty owed to Mr. Sanchez in connection with the accident.

Defendant also argued that the plaintiff failed to sufficiently allege the elements of a negligence claim against Scaffolding Rental.  As to the John Doe defendants, defendant Shintech argued that because the citizenship of defendants sued under fictitious names is disregarded,  defendants John Does One,

---

[3](...continued)
   Petition) is a limited liability company organized under the laws of the State of Nevada whose members are Neil W. Woods, Sr., and Neil W. Woods, Jr., both of whom are natural persons who are citizens of Canada, lawfully admitted for permanent residence in the United States and domiciled in the State of Texas. Record document number 1, Notice of Removal, ¶ 15.

Two and Three are not considered for purposes of determining diversity jurisdiction.

Plaintiff moved to remand, arguing that she alleged facts to support intentional tort claims against Performance Contractors and Rivet, and accordingly the defendant Shintech cannot show there is no possibility of establishing a cause of action against them. In support of her arguments, the plaintiff relied on her allegations which stated that both Performance Contractors and Rivet had knowledge of the work scheduled in Vessel 201 and of the hazardous environmental condition therein, but failed to warn Mr. Sanchez.

Plaintiff also argued that she stated a valid claim of negligence against the scaffolding defendants. Plaintiff argued that the unmarked and unrestricted ladder used during the construction phase of a project should have been removed or restricted once the project changed to the operations-assist phase.

**Applicable Law**

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-

5

state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case.  *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.  Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).  The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry.  *Id*.  In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party.  *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

### Louisiana Worker's Compensation Act

An employee injured in the course of his employment is

generally limited to recovery of worker's compensation benefits, unless the injuries are the result of an intentional act. The workers' compensation law of Louisiana is codified in LSA-R.S § 23:1032, which provides:

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

The intentional act exception to worker's compensation is narrowly construed. *Reeves v. Structural Preservation Systems*, 98-1795 (La. 3/12/99), 731 So.2d 208. Establishing that a workplace injury resulted from an intentional act requires evidence that the employer either (1) consciously desired the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knew that result was substantially certain to follow from his conduct, whatever his desire may have been as to that result. *Swope v. Columbian Chemicals Co.*, 281 F.3d 185 (5th

Cir. 2002), *citing*, *Bazley v. Tortorich*, 397 So.2d 475 (La.1981). Generally, Louisiana courts recognize that "mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing." *DelaHoussaye v. Morton Intern. Inc.* 300 Fed.Appx. 257, 258, (5th Cir. 2008), citing, *Micele v. CPC of La., Inc.*, 98-0044 (La.App. 4 Cir. 3/25/98), 709 So.2d 1065, 1068.

**Individual Officer Liability**

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons. This law is explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). In *Canter* the court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the

degree of care required by ordinary prudence under the same or similar circumstances--whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (2005).

**Louisiana Negligence Law**

Louisiana Civil Code Article 2315 provides in pertinent part: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." To impose liability under Article 2315 for negligence, Louisiana courts engage in a duty-risk analysis. Under this analysis, a plaintiff must prove the following: 1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (breach of duty element); (3) the defendant's

9

substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damages element). *Audler v. CBC Innovis Inc.,* 519 F.3d 239, 249 (5th Cir. 2008), citing, *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La. 2006).

## Analysis

### Performance Contractors: Worker's Compensation Act Immunity / No Intentional Tort

Because Mr. Sanchez was an employee of Performance Contractors, the plaintiff is limited to recovery of worker's compensation benefits unless she can establish that Performance Contractors committed an intentional tort. Plaintiff's intentional tort claim against Performance Contractors rests on her allegations that: (1) an unidentified Performance Contractors supervisor consulted with an unidentified Shintech engineer on the morning of May 22, 2011, but failed to inquire about whether anything had been done in Vessel 201 to change the safe atmospheric conditions that had existed on the previous day; or in the alternative, (2) the unidentified Performance Contractors supervisor learned from the that morning consultation that Vessel 201 had been filled with nitrogen gas, but failed to warn Mr. Sanchez of the hazardous

conditions.[4]

Defendants provided evidence to show that Mr. Sanchez's supervisor at the time of the accident, Charles Wascom, did not know that: (1) nitrogen had displaced the oxygen in Vessel 201 on May 22, 2011; (2) any person entering Vessel 201 would be killed or injured under the environmental conditions; and, (3) Mr. Sanchez was assigned to work in the vessel on May 22, 2011.[5]

Plaintiff did not provide any evidence to controvert these facts, i.e. that Wascom, or any other Performance Contractors supervisor, knew that anyone would be entering the vessel without knowledge of the environmental conditions and/or protective equipment, or particularly that Mr. Sanchez would be entering under

---

[4] Record document number 1, Petition for Damages, ¶¶ 35-37. It is true that the allegations in paragraphs 35-37 are allegations of "facts," but they are not supported in any way. Plaintiff herself would have no direct knowledge of the alleged facts. And the plaintiff did not, in response to the Shintech's opposition, offer an affidavit from any person who would have direct, or even indirect, knowledge of these alleged facts.
As explained above, there are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. For the second part, the court does not just determine whether the plaintiff alleged sufficient facts, but also evaluates whether the plaintiff will be unable to "establish" a cause of action. Piercing the pleadings and making a summary judgment-like inquiry allows the court to assess whether the plaintiff's allegations truly have any factual support. If the plaintiff comes forward with actual factual support, then any disputes as to the relevant facts are resolved in her favor. Here, the plaintiff has not come forward with actual factual support for her allegations.

[5] Record document number 22, Exhibit 2, Affidavit of Charles Wascom.

11

such conditions and/or without protective equipment, and that death or injury was substantially certain to occur. Thus, the plaintiff failed to show that there is a reasonable basis to predict that she can recover under Louisiana law against defendant Performance Contractors on her intentional tort claim.

**Tommy Rivet: No Duty Under *Canter***

A review of the allegations in the plaintiff's Petition for Damages and the record at the time of removal demonstrates that the plaintiff has not alleged a valid claim against defendant Rivet. Plaintiff alleged that Rivet had been notified the morning of May 22, 2011 by an unidentified Shintech employee that nitrogen gas had been added to Vessel 201, and that defendant Rivet met with Mr. Sanchez to discuss work to be performed that day and knew that Mr. Sanchez would be entering Vessel 201. Thus, plaintiff argued, Rivet knew or should have known of the hazardous condition but failed warn Mr. Sanchez, which made it substantially certain that Mr. Sanchez would suffer injury and death.

Rivet's individual liability as an officer of Shintech, whether under a theory of negligence or intentional tort, is determined by the application of *Canter v. Koehring Co.* Although the plaintiff alleged that Rivet had personal knowledge of the harmful condition, the state court petition is devoid of any facts

12

to support the allegations that he had such knowledge.[6] For example, the plaintiff did not allege any facts to show that Rivet was personally involved in filling the vessel with nitrogen gas. Nor did the plaintiff allege any facts to show that Shintech delegated to him the responsibility of knowing the environmental condition of the vessel and informing others working at the facility. Even if facts were alleged that indicate Rivet had or should have had such knowledge, thereby arguably giving rise to a duty, no facts were alleged to show that it would have been a personal duty towards Mr. Sanchez. Rather, any such duty would have been part of the general responsibilities and duties he owed to all workers at the facility because of his position. Without factual allegations to support the assertion that Rivet had the necessary knowledge and failed to warn Mr. Sanchez, or that he had a personal duty to Mr. Sanchez distinct from the general duties and responsibilities of his position, the court has no reasonable basis to predict that the plaintiff can recover against Rivet under Louisiana law based on a personal duty owed under *Canter*.[7]

---

[6] Record document number 1, Petition for Damages, ¶¶ 22-23. The comments in footnote 4 also apply to these allegations.

[7] Because defendant Rivet was improperly joined on the basis of lack of individual officer liability, the plaintiff's common defense argument is inapplicable, and the intentional tort claims against Rivet and Shintech do not need to be addressed.
 In her reply memorandum the plaintiff objected to two affidavits submitted by the defendants. Plaintiff argued that the affidavits of Shintech employees Russell Haydel and Claudia
(continued...)

**Scaffolding Rental: No Duty Under Article 2315**

Evaluating all factual allegations in the light most favorable to the plaintiff, the plaintiff has failed to show she has a reasonable possibility of establishing the duty and breach elements of her negligence claim against Scaffolding Rental.  Plaintiff argued that Scaffolding Rental breached a duty by improperly leaving a ladder on top of Vessel 201 without any lock, tags, warnings or restrictions-to-use after the project's construction phase changed to the operations-assist phase.[8]  Plaintiff alleged that the ladder should have been removed or its use restricted after the vessel became operational and was filled with nitrogen gas.

Defendants provided evidence - the affidavit of Mike Wells, Scaffolding Rentals' supervisor at Shintech at the time of the incident - to show that Scaffolding Rental left a ladder at the base of Vessel 201 as it was directed to do by Performance Contractors.  However, Wells attested that on May 22, 2011:  (1)

---

[7](...continued)
Blanchard were not based on their personal knowledge and so should not be considered on the question of Rivet's knowledge.  Record document number 22-4, Exhibit 4, Affidavit of Russell "Trey" Haydel and Exhibit 5, Affidavit of Claudia Blanchard.  Because the finding of improper joinder as to Rivet is determined based on the absence of any factual allegations sufficient to find he could be personally liable under *Canter*, it is unnecessary to resolve the plaintiff's objection.

[8] Petition for Damages, ¶ 39 and 50-51.  Again, the comments in footnote 4 also apply to these allegations.

14

neither he nor any other Scaffolding Rental employee had knowledge that nitrogen had been put into Vessel 201 or that anyone was going to use the ladder under the circumstances it was used on May 22; and, (2) he did not have knowledge of any rule, procedure or requirement in force at Shintech or applicable to Scaffolding Rental, or any other circumstances that would have required the ladder be left with a lock, tag, warning or other means of restricting its use.[9]  Plaintiff did not controvert these facts or cite any legal authority to show that it was unreasonable, in the circumstance of this case, for Scaffolding Rental to leave an unrestricted the ladder at the base of the vessel.  Because there is no reasonable basis for the court to predict that the plaintiff can recover under Louisiana law on her negligence claim against Scaffolding Rental, it was improperly joined.

**Conclusion**

Defendants have shown that there is no reasonable basis for this court to predict that the plaintiff might be able to recover against defendants Performance Contractors, Rivet, or Scaffolding Rental under Louisiana law.[10]  Therefore, these defendants were

---

[9] Record document number 22, Exhibit 7, Wells affidavit.

[10] Relying on *Smallwood*, the plaintiff argued that there is no improper joinder here because Shintech's improper joinder arguments apply equally to all defendants. Record document number  29, pp. 3-4.  Since the reasons for finding these defendants were improperly joined are different (Performance Contractors - workers
(continued...)

improperly joined and their citizenship must be disregarded. John Doe One, John Doe Two and John Doe Three are fictitious defendants, thus their citizenship is also disregarded for the purpose of determining diversity jurisdiction.[11] Consequently, there is complete diversity of citizenship between the plaintiff and defendants Shintech Louisiana, LLC, Atlantic Scaffolding Company, L.L.C., Empire Scaffold, L.L.C., and United Access A/K/A United Access NV, LLC, and Daybreak Insulation Co., Inc., and the court has diversity jurisdiction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Cherie Sanchez be denied.

Baton Rouge, Louisiana, February 19, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10](...continued)
compensation immunity, Rivet - no duty under *Cantor*, and Scaffolding Rental - no duty under Article 2315), plaintiff's argument is unavailing.

[11] 28 U.S.C. § 1441(b).